IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| EUGENE SCALIA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> MENTAL HEALTH EXPERIENCE SUPPORTIVE SERVICES, and DAVID BOWMAN, individually and as owner of MENTAL HEALTH EXPERIENCE SUPPORTIVE SERVICES <br><br> Defendants. | Civil Action No. **3:20-cv-00943-DJN** |

## COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Mental Health Experience Supportive Services and David Bowman, individually and as owner of the aforementioned company, (collectively referred to as "Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.  Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2.  Defendant Mental Health Experience Supportive Services ("MHESS"), is, and at all times hereinafter referenced was, a company duly organized under the laws of Virginia, with

its principal office at 2025 East Main Street, Suite 120, Richmond, Virginia, which is within the jurisdiction and venue of this Court. Defendant MHESS is engaged in providing supportive services such as skill building, counseling, and training to clients with behavior or mental development disabilities.

3. Defendant David Bowman is, and at all times hereinafter referenced was, the owner of MHESS. Defendant David Bowman does, and at all times hereinafter mentioned did, business in Richmond, VA, and has overseen the daily operations of the businesses located at 2025 East Main Street, Suite 120, Richmond, Virginia. Defendant David Bowman maintains 100% ownership interest in MHESS. Defendant David Bowman is, and at all times hereinafter mentioned was, actively involved in the day to day operations of the business, including hiring and firing employees, and making decisions involving the operation of the company. Defendant David Bowman acted directly or indirectly in the interest of MHESS in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

4. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) providing supportive services to clients with behavior or mental development disabilities in the furtherance of the business purposes of Defendants' unified business entity.

5. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce, such as computers and other office equipment that moved in or been produced for interstate commerce. Employees also regularly handled mail that was sent across state lines. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of not less than $500,000. Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning Section 3(s)(1)(A) of the Act.

6. During the period from at least April 1, 2016 through at least November 30, 2019 ("relevant period"), Defendants have employed individuals as counselors, directors, and/or administrative assistants. The employees listed in the attached Schedule A were and/or are primarily employed by Defendants (collectively referred to hereinafter as "Employees") at some point during the relevant period.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for hours worked over 40 in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

8. For example, during the relevant period, Defendants failed to compensate their employees who worked over 40 hours in a workweek one and one-half times their regular rate. Defendants paid straight time for all hours worked over 40 in a workweek.

9. By their actions and omissions described in the preceding paragraphs, Defendants willfully violated Sections 7 and 15(a)(2) of the Act, in that they demonstrated a conscious decision not to comply with the Act and/or a reckless disregard for whether their conduct was prohibited by the Act. Defendants were aware of or recklessly disregarded their obligations to pay overtime, but intentionally failed to do so. Even after being specifically apprised of their violations of the Act, Defendants continued to violate the Act by refusing to consistently pay overtime to their employees.  Additionally, Defendants solicited false WH-58 forms from employees listed on the Schedule A attached to the Complaint representing that Defendants paid these employees the back wages computed during the relevant period. However Defendants never paid the back wages listed on the WH-58 to any employee.

10. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and the regulations found in Title 29, Chapter VI, Code of Federal Regulations, Part 516.  For example, Defendants failed to record employees' weekly hours worked on payroll. 29 C.F.R. § 516.2(a).

11. As a result of the willful violation alleged above, amounts are owed for hours worked that were paid at rates less than the rate set forth in Section 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to the Plaintiff.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(b) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of April 1, 2016 through November 30, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after November 30, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(c) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor | Kate S. O'Scannlain |
| Office of the Regional Solicitor | Solicitor of Labor |
| 201 12th Street South | |
| Suite 401 | Oscar L. Hampton III |
| Arlington, VA 22202-5450 | Regional Solicitor |
| (202) 693-9393(voice) | |
| (202) 693-9392 (fax) | Samantha N. Thomas |
| jones.chervonti.j@dol.gov | Associate Regional Solicitor |
| | |
| | Adam F. Welsh |
| | Regional Wage and Hour Counsel |
| | |
| | */s/*Mohamed Seifeldein |
| December 10, 2020 | Mohamed Seifeldein |

## Schedule A

1. Kenyetta Baldwin
2. Tarsha Brown
3. Sherrilyn Hicks
4. Tersina Jennings
5. Semeca Lyons
6. Jessica Manigo
7. Tiera Miles
8. Lenora Person
9. Zita Whitehead